UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MEGAN SPENCER and<br>MEGAN SPENCER, as Next Friend for<br>A.S., a minor,<br><br>          Plaintiffs,<br>v.<br><br>WALTER-DIMMICK PETROLEUM, INC.<br>d/b/a POTTERVILLE JOHNNY'S SHELL,<br>a domestic profit corporation, STEFANIA<br>ZAUNER, and WEST LIBERTY FOODS,<br>LLC, A foreign limited liability company,<br><br>          Defendant. | Case No.: 2:22-cv-12955-PBD-JJCG<br><br>Hon. Paul D. Borman (presiding)<br>Jonathan J.C. Grey (referral)<br>_____<br><br>Jury Trial:   ☐ Yes  ☐ No |

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, MEGAN SPENCER and MEGAN SPENCER, as Next Friend for A.S., a minor, by and through their attorneys, THE SAM BERNSTEIN LAW FIRM, PLLC, by STEFANIE A. FRYER, and for their cause of action against the above-named Defendants, respectfully shows unto this Honorable Court as follows:

**COMMON ALLEGATIONS**

1. That Plaintiff, MEGAN SPENCER (hereinafter "Plaintiff"), is a resident of the City of Potterville, County of Eaton, State of Michigan.

2. That Plaintiff, Megan Spencer, is the mother and Next Friend of A.S., a minor, (hereinafter "Minor Plaintiff"), and is a resident of the City of Potterville, County of Eaton, State of Michigan.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

3.     That Defendant WALTER-DIMMICK PETROLEUM, INC d/b/a POTTERVILLE JOHNNY'S SHELL (hereinafter "Defendant Walter-Dimmick") is a domestic profit corporation, organized under the laws of Michigan, registered with the Michigan Department of Licensing and Regulation to conduct business in the State of Michigan, at 204 E Lansing Road, Potterville, Michigan, d/b/a Potterville Johnny's Shell, and whose registered agent for the service of legal process in the State of Michigan is John M. Dimmick, located at 1620 S Kalamazoo, Marshall, Michigan 49068.

4.     That for all times relevant herein and upon information and belief, Defendant STEFANIA ZAUNER (hereinafter "Defendant Zauner"), was an employee of the Defendant Walter-Dimmick, and a resident of the County of Pima, State of Arizona.

5.     That Defendant WEST LIBERTY FOODS, LLC, (hereinafter "Defendant WLF)") is a foreign limited liability company, organized under the laws of Iowa, registered with the Iowa Secretary of State and supplies meat to various Subway Sandwich shops, specifically to 204 E Lansing Road, Potterville, Michigan, d/b/a Potterville Johnny's Shell, and whose registered agent for the service of legal process in the State of Iowa is M. Daniel Waters, located at 1045 76th Street, Suite 1025, West Des Moines, IA 50266.

6.     That for all times relevant herein and upon information and belief, the management of Defendant WLF is vested in managers. The names of the initial managers of Defendant WLF are as follows: Robert Achen, Don Daufeldt, Ed Hershberger, Todd Hill, Benjie Roth, Keith Troyer, Mike Bates, Pete Hermanson, Paul Hill, Ron Kardel, and Mike Roth. That each of their respective business addresses are in West Liberty, Iowa.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

7. That all the acts, transactions and occurrences arose in the County of Eaton, State of Michigan.

8. That the amount in controversy in this litigation exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs, interest and attorney fees.

9. That jurisdiction is properly vested with this court pursuant to 28 U.S.C. §1332(a)(2).

### FACTS: Yersinia Enterocolitica

10. Yersiniosis is an infection that is caused from, among various things to include but is not limited to: ingesting and/or eating raw or undercooked pork/poultry contaminated with Yersinia Enterocolitica bacteria. Ingesting Yersinia enterocolitica can cause severe illnesses in humans.

11. Symptoms of Yersinia enterocolitica generally include abdominal pain, fever confusion, nausea and diarrhea.

12. Complications of Yersinia enterocolitica can include skin rash, joint pains, or the spread of the infection to the blood stream.

13. Humans contract Yersinia enterocolitica from eating raw or undercooked pork/poultry.

14. That on or about March 11, 2020, Plaintiff Megan Spencer, was 15-weeks pregnant at the time with the minor Plaintiff, when she purchased a sandwich from the Subway located within Defendant's property.

15. That upon information and belief, the meat contained within the aforementioned sandwich was supplied to defendant Walter-Dimmick by co-defendant WLF.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

16. That following the consumption of the sandwich, Plaintiff Megan Spencer, became ill and tested positive for Yersinia enterocolitica.

17. That the minor Plaintiff, was subsequently born with various birth defects and diagnosed with failure to thrive as a result of the Yersinia being in Plaintiff Megan Spencer's bloodstream while the minor plaintiff was in-utero.

18. Upon information and belief, Defendants Walter-Dimmick and WLF were serving/selling/producing/manufacturing food contaminated with Yersinia enterocolitica.

19. Upon information and belief, the food product and serving accoutrements (packaging, utensils, napkins and the like), were adulterated with Yersinia enterocolitica.

20. Upon information and belief, these common food products and/or accoutrements were the source of the yersinia enterocolitica at issue in this case.

21. At all times material, Defendants, had a duty to comply with all applicable state and federal regulations intended to ensure the purity and safety of its food products, accoutrements, including the requirements of the Federal Food, Drug and Cosmetics Act (21 U.S.C. § 301 et seq.) and Michigan Statutes including State and County Health Codes, more particularly but not limited to 2-201.11 of the food code, by requiring all employees to monitor food temperatures, having a certified food service manager on duty at all times and to properly train and supervise food service employees handling food products. These acts are designed to protect consumers such as the Plaintiff and minor Plaintiff.

22. The Defendants failed to comply with the provisions of the health and safety acts identified above, and, as a result, was negligent per se in its manufacture,

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

4

distribution, sale and handling of foods and accoutrements adulterated with Yersinia enterocolitica.

23. That Defendants, being in the business of manufacturing, preparing and serving food affirmatively warrants that the food products and environment it provides to its patrons is safe and free of dangerous diseases.

**PLAINTIFFS' ILLNESS**

24. On or about March 11, 2020, Plaintiff Megan Spencer, purchased a sandwich from the Subway located within Defendant Walter-Dimmick's property located at 204 E Lansing Road, Potterville, Michigan.

25. Upon information and belief, Defendant WLF, was the supplier of meat/poultry products used, served and/or sold by Defendant Walter-Dimmick.

26. Upon information and belief, Defendant Zauner, prepared, served, and sold the aforementioned sandwich, which was known to be contaminated with Yersinia enterocolitica.

27. On or about March 11, 2020, Plaintiff Megan Spencer began to suffer nausea, vomiting, and diarrhea.

28. On or about March 12, 2020, Plaintiff Megan Spencer sought medical treatment at Sparrow Eaton Hospital, in Charlotte, Michigan.

29. On March 12, 2020, Plaintiff was admitted to Sparrow Hospital following reports of burning epigastric pain and upper back ache. She was noted to be 15 weeks pregnant with the minor Plaintiff.

30. That Laboratory studies showed Yersinia Enterocolitica in Plaintiff Megan Spencer's blood.

THE SAM BERNSTEIN LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS, MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED LIABILITY COMPANY

31. That Plaintiff Megan Spencer's symptoms continued to worsen with reports of rash, syncope, back pain, joint pain, and abdominal pain. She was diagnosed with reactive arthritis along with Yersinia enterocolitica.

32. That Plaintiff was treated by infectious disease and returned to McLaren Greater Lansing Hospital on March 31, 2020, with worsening symptoms. Plaintiff was diagnosed with Yersinia enterocolitica food poisoning, maculopapular rash and scattered lesions to her trunk. She was treated with IV Rocephin and remained in patient for four days.

33. That on June 1, 2020, Plaintiff again returned to McLaren Greater Lansing Hospital where it was noted that her pregnancy had been complicated by gastroenteritis caused by the Yersinia enterocolitica.

34. That Plaintiff Megan Spencer was subsequently diagnosed with hypokalemia, leukocytosis, multiple joint pain, low back pain, fatigue, and other maternal infectious and parasitic diseases complicating childbirth, all related to Yersinia enterocolitica.

35. That on ███████████, the minor Plaintiff was born.

36. That the in the weeks and months following her birth, the minor Plaintiff was subsequently diagnosed with a multitude of medical conditions, including but not limited to, seizure disorder, chronic respiratory failure, failure to thrive, congenital laryngomalacia, irregular breathing, dysphagia, hematemesis, GERD, and Alpha-1 antitrypsin deficiency.

37. That upon information and belief and following two years of treatment, all other known causes to the minor plaintiff's complicated medical history have been ruled out.

THE SAM BERNSTEIN LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED LIABILITY COMPANY

38.     That upon information and belief, the minor plaintiff's complicated medical history, diagnosis, deficits and/or defects were directly and/or indirectly caused by the Plaintiff Megan Spencer's contraction of Yersinia enterocolitica while the minor plaintiff was in-utero.

## CAUSES OF ACTION

### COUNT I
### Negligence, Gross Negligence, Negligence Per Se, Wrongful Death

39.     The Plaintiff and minor Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs, 1-38 of this Complaint as if set forth in full herein.

40.     The Defendants owed a duty of care to the Plaintiff and minor Plaintiff and other customers to grow, manufacture, produce, prepare and serve safe and wholesome food products and to maintain a heathy and safe environment.

41.     The Defendants owed a duty to the Plaintiff and minor Plaintiff requiring the Defendants to conform to a reasonable standards of conduct for the safe manufacturing, safe storage, handling, preparation, distribution, delivery and sale of food products within their businesses.

42.     The Defendants had duties to comply with all Federal Regulations, State Statutes and County Regulations relating to the growing, manufacturing, and distribution of food products.

43.     The Defendants had duties to comply with all Federal Regulations, State Statutes and County Regulations relating to the training and supervision of food handling and serving personnel

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

44. Defendants breached their duties and were negligent and/or grossly negligent in violating the afore stated duties of care owed to Plaintiff and minor Plaintiff by;

a) Failing to use due care and caution in the training and supervision of their employees, specifically Stefania Zauner;

b) Failing to use due care and caution in the manufacturing, distribution, transportation, and sale of food products to ensure same was not contaminated with Yersinia enterocolitica;

c) That Defendant Stefania Zauner, failed to use due care and caution in serving and preparing food product that was unsafe for human consumption at Defendant's Potterville Johnny's Shell, in Potterville, Michigan, thereby breach led to an unreasonable and foreseeable risk of said food becoming contaminated with bacterium, belonging to the family of Yersiniaceae, and ingested by individuals and more particularly to Plaintiff, Megan Spencer and her unborn fetus, the minor Plaintiff;

c) by other breaches of the standards of care then applicable under the circumstances then existing.

45. The Defendants, Walter-Dimmick and WLF, had a duty to properly supervise, train, and monitor its employees, and to ensure its employees' compliance with all applicable statutes, common laws, regulations, or safety codes pertaining to the manufacture, distribution, storage, handling, serving preparation and sale of food products, but the Defendants failed to do so. Failure to conform to these duties was negligent and led to an unreasonable and foreseeable risk of food becoming contaminated with bacterium, belonging to the family of Yersiniaceae, and ingested by individuals and more particularly to Plaintiff, Megan Spencer and her unborn fetus, the minor Plaintiff.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

46. The Defendants also had a duty to provide food, beverage and product accoutrements that were reasonably safe, wholesome, free of defects, and that otherwise complied with applicable federal, state, and local laws, ordinances, and regulations, and that were clean, free from adulteration, and safe for human consumption and handling, but the defendants failed to do so.

47. Defendants breached the aforementioned duties which are negligence and/or grossly negligent conduct and said negligence and/or gross negligence and or negligence per se led to an unreasonable and foreseeable risk of food becoming contaminated with bacterium, belonging to the family of Yersiniaceae, and ingested by individuals and more particularly to Plaintiff, Megan Spencer and her unborn fetus, the minor Plaintiff.

48. Defendants' breach(es) were the proximate cause of sickness, pain, suffering, humiliation, hospitalization, mental distress, the incursion of medical expenses, lost wages and injury as to Plaintiff Megan Spencer and the minor Plaintiff.

49. The Plaintiff Megan Spencer and the minor Plaintiff, were persons intended to be protected by safe food manufacturing, distribution, handling procedures and practices. As a direct and proximate result of the Defendants' acts and omissions of negligence, the Plaintiff Megan Spencer ate food contaminated with Yersinia Enterocolitica and suffered severe and grievous injuries to her herself and her minor child, as the result therefrom.

WHEREFORE, Plaintiff Megan Spencer and minor Plaintiff prays for an award of damages from Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) to be determined at trial.

THE SAM BERNSTEIN LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS, MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED LIABILITY COMPANY

## COUNT II
## Strict Liability and Violation of Consumer Protection Acts

50. The Plaintiff Megan Spencer and minor Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one through forty-nine (1-49) of this Complaint as if set forth in full herein.

51. At all times relevant hereto, the Defendants were the manufacturer, distributors and/or sellers of a defective products, i.e. foods and/or accoutrements, contaminated with Yersinia Enterocolitica.

52. Defendants placed the defective product and/or utensils for the delivery and consumption of food products on the market.

53. The defective product and/or accoutrements were sold and/or provided to Plaintiff Megan Spencer and minor Plaintiff for the delivery and consumption of food, in an unreasonably dangerous condition.

54. The adulterated food product and/or accoutrements that the Defendants manufactured, distributed, and/or sold was, at the time it left the Defendants' control, defective and unreasonably dangerous for its ordinary and expected use because it contained Yersinia Enterocolitica, an infectious disease.

55. The defective product and/or accoutrements reached the Plaintiff and minor Plaintiff without substantial change in condition in which the product was sold.

56. The defect is the proximate cause of the Plaintiff Megan Spencer and minor Plaintiff's illnesses and damages.

57. The Defendants are strictly liable for damages caused by the Plaintiff and minor Plaintiff eating adulterated food contaminated with Yersinia Enterocolitica.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

58. As a direct and proximate result of the acts and omissions of and by Defendants' Walter-Dimmick, WLF, and Stefania Zauner, Plaintiff Megan Spencer and minor Plaintiff became contaminated with Yersinia Enterocolitica and suffered legally cognizable damages in an amount to be determined at trial.

WHEREFORE, Plaintiff Megan Spencer and minor Plaintiff prays for the entry of a judgment against Defendants as follows:

1) That the Court award Plaintiff Megan Spencer and minor Plaintiff judgments against Defendants, Walter-Dimmick, WLF, and Stefanie Zauner, in such sums in excess of seventy-five thousand dollars ($75,000.00) as shall be determined to fully and fairly compensate Plaintiff Megan Spencer and minor Plaintiff for all general, special, incidental and consequential damages incurred by Plaintiff Megan Spencer and minor Plaintiff, as the direct and proximate result of the Defendants' defective product and their acts and omissions. These include, but are not limited to, physical pain and suffering, medical and medical related expenses, emotional distress and pharmaceutical expenses, both past and future; wage loss; and other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances;

2) That the Court award Plaintiff Megan Spencer and minor Plaintiff her costs and attorney fees incurred in prosecuting this action.

3) That Plaintiff Megan Spencer and minor Plaintiff be awarded a multiple of their damages, costs and attorney fees as allowed under the Michigan and Federal Consumer Protection Acts.

## COUNT III
## NEGLIGENCE ON THE PART OF STEFANIE ZAUNER

59. That Plaintiffs incorporate paragraphs 1-58 of this Complaint as if set forth herein, word for word.

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

60. That upon information and belief Defendant Stefanie Zauner is a resident of the County of Pima, State of Arizona, and was engaged as an employee of Defendant Walter-Dimmick, at its Potterville, Michigan location at all times relevant hereto.

61. That both jurisdiction and venue for Defendant Zauner are properly before this Court.

62. That at all times relevant hereto Defendant Zauner was acting in their capacity as an employee of Defendant Walters-Dimmick at its Potterville, Michigan location.

63. That Defendant Zauner's job duties included but were not limited to the handling and delivery of food and beverages to customers, handling hard goods to be used by customers and general maintenance of items and furniture commonly used in restaurants.

64. That Defendant Zauner had duties, under common law, County Ordinance and Federal Statue, as set forth in this Complaint, to Plaintiff and the minor Plaintiff, customers at Defendant Walter-Dimmick's Potterville, Michigan location, and others similarly situated, not to serve food products that were contaminated with Yersinia Enterocolitica.

65. That Defendant Zauner, was negligent and/or grossly negligent in that they violated his duties to Plaintiff Megan Spencer and the minor Plaintiff including but not limited to the following acts:

(a) Handling plates, glassware and other items to be used or consumed by customers in a restaurant while the food product was contaminated with bacterium known as Yersinia Enterocolitica;

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

(b) By other acts of violating his duties to Plaintiff and minor Plaintiff and others similarly situated which are currently unknown.

66. That as a proximate result of Defendant Zauner's negligent acts your Plaintiff Megan Spencer and the minor Plaintiff became infected with a Yersinia Enterocolitica, and said virus caused them to become ill, sickly, and weakened.

WHEREFORE, Plaintiff Megan Spencer and minor Plaintiff prays for the entry of a judgment against Defendant Stefania Zauner, as follows:

1) That the Court award Plaintiff Megan Spencer and minor Plaintiff judgments against Defendant Stefania Zauner in such sums in excess of seventy-five thousand dollars ($75,000.00) as shall be determined to fully and fairly compensate Plaintiff Megan Spencer and minor Plaintiff for all general, special, incidental and consequential damages incurred by Plaintiff Megan Spencer and minor Plaintiff, as the direct and proximate result of the Defendant Stefania Zauner's defective product and their acts and omissions. These include, but are not limited to, physical pain and suffering, medical and medical related expenses, emotional distress and pharmaceutical expenses, both past and future; wage loss; and other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances;

2) That the Court award Plaintiff Megan Spencer and minor Plaintiff their costs and attorney fees incurred in prosecuting this action.

**COUNT IV**
**RESPONDEAT SUPERIOR OF DEFENDANT, WALTER-DIMMICK PETROLEUM, INC. FOR THE NEGLIGENT/GROSSLY ACTS OF THEIR EMPLOYEE DEFENDANT STEFANIA ZAUNER**

67. That Plaintiff Megan Spencer and minor Plaintiff incorporates paragraphs 1-66 of this Complaint as if set forth herein, word for word.

68. That Defendant, Walter-Dimmick, is responsible to Plaintiff Megan Spencer and minor Plaintiff, for their injuries and damages, caused by the

THE SAM BERNSTEIN LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED LIABILITY COMPANY

13

negligent/grossly negligent acts of Defendant Stefania Zauner, done while in the course and scope of their duties as their employee.

WHEREFORE, Plaintiff Megan Spencer and minor Plaintiff prays for the entry of a judgment against Defendant Walter-Dimmick Petroleum, Inc., as follows:

1) That the Court award Plaintiff Megan Spencer and minor Plaintiff, judgments against Defendant Walter-Dimmick in such sums in excess of seventy-five thousand dollars ($75,000.00) as shall be determined to fully and fairly compensate Plaintiff Megan Spencer and minor Plaintiff for all general, special, incidental and consequential damages incurred by Plaintiff Megan Spencer and minor Plaintiff as the direct and proximate result of the Defendant's defective product and their acts and omissions. These include, but are not limited to, physical pain and suffering, medical and medical related expenses, emotional distress and pharmaceutical expenses, both past and future; wage loss; and other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances;

2) That the Court award Plaintiff Megan Spencer and minor Plaintiff, their costs and attorney fees incurred in prosecuting this action.

3) That Plaintiff Megan Spencer and minor Plaintiff be awarded a multiple of their damages, costs and attorney fees as allowed under the Michigan and Federal Consumer Protection Acts.

Respectfully submitted,

THE SAM BERNSTEIN LAW FIRM

/s/ Stefanie A. Fryer
STEFANIE A. FRYER (P73863)
Attorneys for Plaintiff
31731Northwestern Hwy., Ste. 333
Farmington Hills, MI 48334-1669
(248) 444-6116
sfryer@sambernstein.com

Dated: November 29, 2022

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MEGAN SPENCER and<br>MEGAN SPENCER, as Next Friend for<br>A.S., a minor,<br><br>     Plaintiffs,<br><br>v.<br><br>WALTER-DIMMICK PETROLEUM, INC.<br>d/b/a POTTERVILLE JOHNNY'S SHELL,<br>a domestic profit corporation, STEFANIA<br>ZAUNER, and WEST LIBERTY FOODS,<br>LLC, A foreign limited liability company,<br><br>     Defendant. | Case No.: 2:22-cv-12955-PDB-JJCG<br><br>Hon. Paul D. Borman (presiding)<br>Jonathan J.C. Grey (referral)<br>_____<br><br>Jury Trial:    ☐ Yes  ☐ No |

## **PLAINTIFFS' DEMAND FOR JURY TRIAL**

NOW COME the above-named Plaintiffs, by and through their attorneys, THE SAM BERNSTEIN LAW FIRM, PLLC, and hereby demand trial by jury on the above matter.

               THE SAM BERNSTEIN LAW FIRM

               _/s/ Stefanie A. Fryer_____
               STEFANIE A. FRYER (P73863)
               Attorney for Plaintiff
               31731 Northwestern Hwy. # 333
               Farmington Hills, Michigan 48334-2519
               (248) 444-6116
Dated: November 29, 2022       sfryer@sambernstein.com

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY