UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN SPENCER, et al.

    Plaintiffs,

v.

WALTER-DIMMICK PETROLEUM INC., et al.,

    Defendants.
_____/

Case No. 1:22-cv-1209

Hon. Hala Y. Jarbou

## OPINION

On March 1, 2022, Plaintiff Megan Spencer filed a lawsuit against Defendant Walter-Dimmick Petroleum, Inc. ("Walter-Dimmick") in the Eaton County Circuit Court. The parties later stipulated to dismiss that case. Spencer then filed this lawsuit with her son, a minor, in the United States District Court for the Eastern District of Michigan. (Compl., ECF No. 6.) The suit was transferred to this Court in December of 2022. (Transfer Order, ECF No. 9.)

In their complaint, Plaintiffs allege that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶ 9.) On February 13, 2023, the Court ordered Plaintiffs to amend their complaint or show cause as to why the Court should not dismiss the case for lack of subject matter jurisdiction because the complaint failed to allege complete diversity between the parties by specifying the citizenship of each defendant. (Show Cause Order, ECF No. 14.) In response, Plaintiffs filed an amended complaint on February 24, 2023. (Am. Compl., ECF No. 15.) On March 14, 2023, the Court dismissed the case without prejudice for lack of subject matter jurisdiction because Plaintiffs still failed to establish complete diversity. (Order of Dismissal, ECF No. 16.) According to the amended complaint, Plaintiffs and one of the defendants are all citizens of Michigan. Before the

Court is Plaintiffs' motion for relief from the Court's order of dismissal under Rule 60(b) of the Federal Rules of Civil Procedure, and for subsequent transfer of the case to the Eaton County Circuit Court (ECF No. 18). The Court will deny this motion.

## I. LEGAL STANDARD

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of the first five enumerated examples of Rule 60(b) apply, relief is available only when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

## II. ANALYSIS

### A. Relief from Judgment

Plaintiffs cite Rule 60(b)(1) and (6) as the basis for their motion. (Pls.' Mot. for Relief & Transfer ¶ 7, ECF No. 18.) Rule 60(b)(1) concerns "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(6) concerns "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

As to the first category, Rule 60(b)(1) may provide relief "when a party has made an excusable mistake or an attorney has acted without authority." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). Plaintiffs' complaint improperly alleged diversity jurisdiction. A federal court only has diversity jurisdiction when there is complete diversity of citizenship. *Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 997 (6th Cir. 2020) (citing 28 U.S.C. § 1332(a)). As this Court explained in its Order of Dismissal, complete diversity requires all plaintiffs to be diverse

2

from all defendants.  Plaintiffs' amended complaint alleges that Plaintiff Spencer "is a citizen of the . . . State of Michigan" and that Defendant Walter-Dimmick "is . . . a Citizen of the State of Michigan." (Am. Compl. ¶¶ 1, 3, 22.)  If a plaintiff and a defendant are both citizens of Michigan, there is not complete diversity.

By citing Rule 60(b)(1), Plaintiffs imply that they made a mistake.  But any mistake is not excusable.  "[A]n attorney's inaction or strategic error based upon a misreading of the applicable law cannot be deemed 'excusable' neglect . . . ."  *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (holding that an attorney's errors, including filing in federal court despite a lack of diversity jurisdiction, did not justify granting a Rule 60(b) motion).  "[T]he uniform decisions of [the Sixth Circuit] and other circuits establish that [Rule 60(b)(1)] does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous."  *Id.*  Thus, if there was an error in Plaintiffs' amended complaint, that error does not warrant relief under Rule 60(b)(1).

Rule 60(b)(6) likewise does not support granting Plaintiffs' motion.  Rule 60(b)(6) "applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'"  *McCurry*, 298 F.3d at 592 (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).  "Such situations are rare, 'because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b).'"  *Id.* (quoting *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)).  Situations involving errors by attorneys fall under Rule 60(b)(1), not (b)(6).  *See id* at 596.  "Given the precise fit between the circumstances presented here and those addressed in Rule 60(b)(1) . . . it clearly would be inappropriate to invoke subsection (b)(6) to grant relief that

3

is foreclosed under subsection (b)(1)." *Id.* Therefore, Plaintiffs are not entitled to relief under Rule 60(b)(1) or (b)(6).

### B. Transfer of Venue

Plaintiffs also ask the Court to transfer their claims "back to [the] Eaton County Circuit Court . . . so as to preserve the statute of limitations and their claims." (Pls.' Br. in Supp. of Mot. for Relief & Transfer, ECF No. 18, PageID.44.) They assert that this transfer is warranted under 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

A transfer is unwarranted in this case for several reasons. First, 28 U.S.C. § 1406(a) only applies to transfers to other federal courts. 28 U.S.C. § 1406(a), which concerns transfers due to improper venue, is related to 28 U.S.C. § 1404(a), which concerns transfers for convenience. Section 1404(a) uses the same language as Section 1406(a), describing a transfer of venue from a "district court . . . to any district or division." The Supreme Court has explained that the language of § 1404(a) only "speaks to federal courts," giving them "the power to transfer a transitory cause of action to a more convenient federal court." *Pope v. Atl. Coast Line R.R. Co.*, 345 U.S. 379, 384 (1953); *see also Atl. Marine Constr. Co., v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 50 (2013) ("Section 1404(a) . . . governs transfer only within the federal court system."). District courts, applying the same reasoning, have held that § 1406(a)'s identical language likewise applies only to federal courts. *See Bingham v. Pancake*, 2011 WL 1134258, at *1-2 (W.D. Ky. Mar. 25, 2011); *Subway Int'l B.V. v. Cere*, 2011 WL 3511462, at *2 (D. Conn. Aug. 11, 2011); *Schmidt v. Big Boy*, 2006 WL 8453938, at *3 (D. S.D. Oct. 19, 2006). Because the Eaton County Circuit

4

Court is not a federal court, the Court cannot transfer the case to that court under 28 U.S.C. § 1406(a).

Furthermore, 28 U.S.C. § 1406(a) is inapplicable here because it concerns cases where venue is improper, not cases where a court lacks subject matter jurisdiction. As Plaintiffs note in their brief, a court can use 28 U.S.C. § 1406(a) to transfer venue when it lacks *personal* jurisdiction over the defendants. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962). However, as the Sixth Circuit has explained, a court cannot apply § 1406(a) without first having *subject matter* jurisdiction:

> We are of the view that since we lack subject matter jurisdiction, we have no power to transfer the case. We find support for this position in the case law construing 28 U.S.C. [§] 1406, a provision permitting the transfer of a case to another division or district to cure a defect in venue. Those cases hold that where a court lacks subject matter jurisdiction, it lacks the power to transfer the action.

*Grand Blanc Educ. Ass'n. v. Grand Blanc Bd. of Educ.*, 624 F.2d 47, 49 n.4 (6th Cir. 1980). As stated in this Court's Order of Dismissal, the Court lacks subject matter jurisdiction over the case. Accordingly, the Court cannot transfer the case.

Finally, 28 U.S.C. § 1406(a) would not support a transfer here because it only allows a transfer when it is "in the interest of justice." Plaintiffs argue that the Court should transfer the case because "the statute of limitations has now run, forever barring [Spencer] from pursuing her claims." (Pls.' Br. in Supp. of Mot. for Relief & Transfer, PageID.44.) An expired statute of limitations may make a transfer in the interest of justice. *See Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009). However, a transfer is less likely to be in the interest of justice when a plaintiff lacks "at least a colorable basis for filing" in the wrong court. *Stanifer v. Brannan*, 564 F.3d 455, 458 (6th Cir. 2009). "[T]ransfer under Section 1406 is inappropriate" when "a plaintiff's attorney files in the wrong jurisdiction not 'because they . . . made an erroneous

5

guess with regard to an elusive fact,' but because he/she made an obvious error." *Id.* at 459 (quoting *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993)).

As explained above, improperly alleging diversity jurisdiction in this case was an obvious error. "The 'interest of justice' analysis which might permit this court to exercise its discretion by transferring venue should not permit Plaintiff to resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first instance." *Stanifer v. Brannan*, 2007 WL 1520932, at *1 (W.D. Ky. May 23, 2007), *aff'd* 564 F.3d 455 (6th Cir. 2009). The obvious error of filing this case in federal court makes any transfer unjust.

### III. CONCLUSION

For the reasons stated above, the Court will deny Plaintiffs' motion for relief from judgment and for transfer to state court.

Dated: June 15, 2023                                /s/ Hala Y. Jarbou
                                                                           HALA Y. JARBOU
                                                                           CHIEF UNITED STATES DISTRICT JUDGE